IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

PHILIP A. DUR                                                                                       PLAINTIFF

VERSUS                                                         CIVIL ACTION NO. 1:07cv1064-RHW

FIRST REPUBLIC BANK                                                                           DEFENDANT

**MEMORANDUM OPINION**

Before the Court is [8], Defendant's motion to dismiss pursuant to Fed. R. Civ. P. Rule 12(b)(2), for lack of personal jurisdiction.[1] After fully considering the motion, pleadings, memoranda of the parties and applicable law, the Court finds merit in Defendant's motion to dismiss for lack of personal jurisdiction.

**Facts and Procedural History**

Philip Dur, a Jackson County, MS resident, filed suit in the Jackson County Circuit Court on August 8, 2007, charging First Republic Bank (the Bank) with the torts of conversion and/or negligence in allowing Dur's "estranged wife or someone acting on her behalf" to gain access to Dur's bank account and cause some $100,000.00 in funds to be transferred therefrom without Dur's permission or knowledge.

According to the complaint [1-3] with its attached affidavit, and Plaintiff's affidavit [15] filed in response to the instant motion, sometime before the spring of 2005, Plaintiff and his wife, Kathleen D. Dur, entered into a joint depository checking agreement with the Bank which is located in San Francisco, CA. Plaintiff's earnings from Northrop Grumman Corporation (also

---

[1]Defendant also filed motions pursuant to Fed. R. Civ. P. Rules 12(b)(6) for failure to state a claim, and 12(b)(7) for failure to join Kathleen D. Dur, a necessary and indispensable party. See, documents [4] and [6], respectively.

1

located in California)[2] were deposited directly into his account with the Bank in California.[3]  In the spring of 2005,  Plaintiff and Mrs. Dur were "embroiled in a divorce."[4]   Plaintiff, who was then residing in Jackson County, Mississippi, telephoned the Bank in California on or about March 9, 2005, and instructed the Bank to close the joint account, open an individual account in only Plaintiff's name, and transfer all funds from the joint account into his new individual account.  The Bank complied.  The complaint further alleges that when Plaintiff received his bank statement in April 2005, he discovered that "his estranged wife or someone acting on her behalf had gained access to the account and caused $100,000.00 to be transferred."  Other evidence before the Court indicates the transfer was accomplished via online internet banking.  According to the affidavit of Hortensia Gittens, Preferred Banking Associate at the Bank's Century City Branch [12-4] in California, the Bank's records reflect that on or about April 5, 2005, the Bank received an instruction "through Mr. Dur's internet banking interface for payment in the sum of $100,000, to the two parties indicated on two instruments ..." which are attached to Gittens' affidavit.  One instrument is payable to Kathleen D. Dur for $63,000.00 and is endorsed with the name Kathleen D. Dur, the second is payable to "AIN & BANK, Attn. Rita M. Bank" for $37,000.00.  [12-4, Ex. D] Plaintiff alleges Gittens assisted him in opening the new account.

Ms. Gittens' uncontradicted affidavit further establishes that any and all acts she performed in connection with her employment at the Bank have taken place in California, and that

---

[2] Plaintiff is employed at Northrop Grumman in Mississippi.

[3] Scott DuFresne's affidavit [12-4] states that while DuFresne was assigned to the Bank's Century City Branch in Los Angeles, California, he opened the Durs' original joint account in March 2002.  A September 2002 Bank Client Information form completed by the Durs showed Plaintiff's primary residence was in the State of New York, and his secondary residence was in Mississippi.

[4] Plaintiff's affidavit [15] states he actually filed for divorce on March 30, 2005, and that the divorce decree was ultimately entered on May 3, 2007.

any and all accounts Mr. Dur has maintained with the Bank have always been located in California.  The uncontradicted affidavit  [12-3] of Edward Dobranski, Executive Vice President and General Counsel of the Bank, establishes that the Bank is incorporated in Nevada and headquartered in the State of California; it has never had any physical presence of any kind (employees, branches, operations or other business interests) in the state of Mississippi.

The jurisdictional allegations of Plaintiff's complaint are:

Defendant, First Republic Bank, is a banking corporation located in San Francisco, California, and conducting banking operations throughout the United States, and who is amenable to process by virtue of the long arm statute, Section 13-3-57 of the Mississippi Code of 1972 as amended and annotated, by virtue of having entered into a contract within the state of Mississippi to be performed in whole or in part in the State of Mississippi...[5]

Plaintiff had process for the Bank served on Scott J. DuFresne, Executive Vice President, First Republic Bank, 130 Main Street, Suite 206-A, Salem, New Hampshire 03079. [Complaint, ¶ 2]

Defendant removed the action to this Court on August 31, 2007, under 28 U.S.C. § 1332.  The Court has subject matter jurisdiction since there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.  Within ten days of the removal, the Bank filed three motions to dismiss, including the one presently under consideration.  The parties have consented to the exercise of jurisdiction by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.  [30]

On September 24, 2007, Plaintiff filed [16] his response to [8] the motion to dismiss for lack of personal jurisdiction, reiterating his conclusory allegation that the Bank entered into a contract in Mississippi to be performed in whole or in part in Mississippi, and urging the Court to hold the motion premature until discovery is completed in the case.  According to Plaintiff's own

---

[5]Plaintiff had process served on the Bank by serving Mr. Scott J. DuFresne, Executive Vice President, First Republic Bank, 130 Main Street, Suite 206-A, Salem, New Hampshire 03079. [Complaint, ¶ 2]

pleadings, he has been aware of the transfer of funds from his account since April 2005.

Certainly, it appears that some investigation of the Bank's amenability to jurisdiction in

Mississippi should have been conducted in the almost two and one-half years that passed between

that discovery and the August 2007 filing of this lawsuit.  Furthermore, the October 4, 2007

scheduling order [30] entered in the case, set trial for October 7, 2008, and fixed April 16, 2008 as

the discovery deadline.  The docket indicates the parties have proceeded with discovery,[6] but in

the seven months which have elapsed since filing the lawsuit (six months since Plaintiff

responded that discovery should be allowed before the Court considers the present motion to

dismiss), Plaintiff has proffered nothing more to support his claim of jurisdiction than was alleged

in the original complaint.  The Court finds no reason to delay ruling on the Rule 12(b)(2) motion.

## Analysis

Where, as here, a nonresident defendant challenges the exercise of personal jurisdiction,

the plaintiff bears the burden of making a prima facie showing that personal jurisdiction exists.

*Rittenhouse v. Mabry*, 832 F. 2d 1380, 1382 (5th Cir. 1987) citing *Thompson v. Chrysler Motors

Corp.*, 755 F. 2d 1162, 1165 (the Cir. 1985).  Since this is a diversity case, the first determination

to be made by this Court is whether Mississippi's long-arm statute permits the exercise of

personal jurisdiction over the Bank.  *Guidry v. United States Tobacco Co.*, 188 F.2d 619, 624 (5th

Cir. 1999).  If the requirements of the long-arm statute are met, then the Court examines whether

the exercise of jurisdiction over the nonresident would be consistent with the due process

---

[6]Plaintiff has propounded interrogatories [33] and requests for production on November 11, 2007, to which the Bank served responses [37] and [38], respectively on December 28, 2007, and Plaintiff has noticed depositions to be taken in California March 25-26, 2008 [51 and 52].  The Bank has served its disclosure [45], as well as requests for admissions [46], interrogatories [47] and requests for production [48].

guarantees of the Fourteenth Amendment.  This Court cannot exercise personal jurisdiction over the nonresident unless both the long-arm statute and due process requirements are satisfied.

The Mississippi statute provides for personal jurisdiction over nonresidents (1) who make a contract with a resident of this state to be performed in whole or in part by any party in this state, (2) who commit a tort in whole or in part in this state; or (3) who do any business or perform any character of work or service in this state.  Miss. Code Ann. § 13-3-57.  Although Plaintiff premises long-arm jurisdiction upon allegations that the Bank made a contract with him to be performed in whole or in part in this State, his complaint asserts only tort causes of action, and the only contract which Plaintiff has identified as being in issue is the one which resulted from Plaintiff's telephone call from Mississippi to the Bank in California.  Plaintiff has made no showing that the Bank has done some act or consummated some transaction *in Mississippi*, and that assumption of jurisdiction by a Mississippi court would not offend traditional notions of fair play and substantial justice.  *See, Gross v. Chevrolet Country*, 655 So. 2d 873 (Miss. 1995).  The undisputed facts before the Court are that the Bank in California answered a phone call placed by the Plaintiff in Mississippi; the Bank complied with Plaintiff's telephonic instructions to close his joint account in the California Bank, open an individual account in the California Bank, and transfer the funds from the former account to the latter in California.  The evidence presented indicates that all the Bank's actions with respect to the contract and Plaintiff's account took place in California.

## Conclusion

The Court finds that Plaintiff has failed to make a prima facie showing that the Bank is subject to personal jurisdiction under Mississippi's long-arm statute.  Even were it otherwise, the

exercise of personal jurisdiction over the Bank under the facts established in this case would not meet the dictates of due process.  The uncontradicted Dobranski affidavit establishes that the Bank has no banking operations, business interests, branches or employees in Mississippi, and has never had any such physical presence in this State.  The Court finds that the affidavit clearly overcomes Plaintiff's unsubstantiated allegation that the Bank is "conducting banking operations throughout the United States."  In a nutshell, Plaintiff has shown that he resides in Mississippi and he has an account with the Bank.  Plaintiff has failed to present evidence that (1) the Bank had sufficient minimum contacts with Mississippi resulting from affirmative acts *on the Bank's part* such that it could anticipate being haled into court in Mississippi, and (2) that it is fair or reasonable to require the Bank to defend the suit in Mississippi.  *See*, *Burger King Corporation v. Rudzewicz,* 471 U.S. 462, 474-478 (1985).  There is before the Court no evidence that the Bank has done anything to purposefully avail itself of the privilege of conducting activities in Mississippi or to invoke the benefits and protections of Mississippi law.  Plaintiff's unilateral action does not satisfy this requirement, and provides insufficient foundation for this Court to assume personal jurisdiction over the Bank.  *Burger King,* 471 U.S. at 474.  It is therefore,

**ORDERED**, that [8] the motion to dismiss for lack of personal jurisdiction is granted, and a judgment of dismissal will be entered in accordance with this memorandum.

SO ORDERED, this the 26th day of March, 2008.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE